**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **EXCELSIOR AMBULANCE SERVICE, INC.**, | § § § | Civil Action No. \_\_\_\_\_ |
| Plaintiff, | § § | |
| v. | § § | |
| **APPOINTED WORLDWIDE HOLDING, LLC,** | § § § | Jury Trial Demanded |
| Defendant. | § § § | |

**COMPLAINT FOR BREACH OF CONTRACT**

Plaintiff, EXCELSIOR AMBULANCE SERVICE, INC., by and through its undersigned counsel, hereby sues Defendant, APPOINTED WORLDWIDE HOLDING, LLC, and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Plaintiff Excelsior Ambulance Service, Inc. ("Excelsior") is a corporation formed under the laws of Georgia with its principal place of business located at 1 Excelsior Way SE, Ludowici, Long County, Georgia 31316.  Accordingly, Excelsior is a citizen of the state of Georgia.

2.     Defendant Appointed Worldwide Holding, LLC ("AWH") is a limited liability company organized and existing under the laws of Texas with its principal place of business located at 1604 S. WS Young Dr. 2nd Floor, Suite #1, Killeen, Texas 76543. AWH may be served with process via its registered agent, Richard Y. Bruce, Jr., at 1604 S. WS Young Dr. 2nd Floor, Suite #1, Killeen, Texas 76543. The sole member of AWH is Richard Y. Bruce, Jr., who is a citizen and resident of the state of Texas. No member of AWH is a citizen of the state of Georgia.  Accordingly, AWH is a citizen of the state of Texas.

3.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because Excelsior and AWH are citizens of different states, as established in paragraphs 1 and 2 of this Complaint, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.      This Court has personal jurisdiction over AWH because:

a.      AWH purposefully availed itself of the privilege of transacting business in Georgia by entering into a contractual relationship with Excelsior, which has been a Georgia corporation at all times, to fulfill AWH's obligations under a federal government contract that required substantial performance in this District as well as in other parts of this State.

b.      AWH transacted substantial business in Georgia by executing the contract, which required Excelsior to perform ambulance transportation services in Georgia and within this District.

c.      The contract at issue between AWH and Excelsior expressly states that it is to be governed by Georgia law and construed in accordance with Georgia law.

d.      Under the contract with AWH, Excelsior transported patients to and from certain medical facilities in this District, including the Downtown and Uptown Divisions of the Charlie Norwood VA Medical Center in Augusta, Georgia, the VA Community-Based Outpatient Clinic in Statesboro, Georgia, and other locations. Further, under the contract, Excelsior routinely transported patients through and within Glynn, McIntosh, and Camden Counties. Additionally, AWH derived significant economic revenue from the ambulance transportation services provided by Excelsior within this District and other parts of the State under the contract.

e.      AWH received substantial federal payments for these services and retained a substantial financial benefit from services performed in Georgia and within this District by Excelsior. By receiving these funds—while failing to make timely payments as required under its agreement with Excelsior—AWH wrongfully obtained substantial revenue from services rendered by Excelsior in this State and in this District. This action arises out of AWH's breach of this contract, which has caused significant damage to Excelsior.

f.      Moreover, AWH has delivered checks to Excelsior for services that Excelsior performed in this State and in this District, which were deposited into a bank in this State and District, but returned due to insufficient funds, causing Excelsior further damage.

g.      AWH engaged in substantial business activities within Georgia through telephonic and electronic communications, including: negotiating, drafting, and

executing the contract at issue with Excelsior; sending contract documents, correspondence, and payment details to Excelsior in Georgia via email and other electronic means; and engaging in ongoing communications via emails and phone calls with Excelsior's personnel located in Georgia regarding the contract at issue.

5.     Venue is proper in this District and Division because a substantial part of the events or omissions giving rise to Excelsior's claims occurred in this District and Division.

## STATEMENT OF FACTS

6.     Both AWH and Excelsior have been certified by the United States Government as a Service-Disabled Veteran Owned Small Business ("SDVOSB").

7.     The United States Department of Veterans Affairs ("VA") awarded Contract Number 36C24724D0001 (the "Prime Contract") to AWH on October 15, 2023.

8.     The Prime Contract called for AWH to provide patient transportation services to eligible patients to and from Charlie Norwood VA Medical Center, located in Augusta, Georgia,  several "satellite" VA medical facilities located in Georgia, including one in Statesboro, as well as Florida, South Carolina, North Carolina, Alabama, and Tennessee, and to and from certain VA-approved medical service providers.

9.     Patients provided with transportation services are generally eligible Veterans, who are transported  for the purpose of receiving healthcare at VA and Non-VA authorized facilities. This can include scheduled (and in some cases unscheduled) medical transports for appointments or hospital care.

10.     The Prime Contract required AWH to provide twenty-four (24) hour/seven (7) day a week ambulance service consisting of Basic Life Support (BLS), Advanced Life Support (ALS), and stretcher van transport services as required.

11.     Performance of the Prime Contract required a large fleet of specially equipped ambulances; a large staff of trained and certified employees; significant scheduling and dispatching

infrastructure, including communications equipment and specialized software; and the ability to meet myriad Federal, State, and Local Government contracting, licensing, and related requirements.

12.    Excelsior is an experienced Federal Government contractor and has performed over 11 substantially identical contracts over the past 12 years.

13.    The Prime Contract was "set aside" for competition among certified SDVOSB contractors, pursuant to Sections 502 and 503 of Public Law 109-461, the Veterans Benefits, Health Care, and Information Technology Act of 2006, as amended (38 U.S.C. 8127- 8128), and Federal Acquisition Regulation ("FAR") part 19, 48 C.F.R. 1, and Veterans Affairs Acquisition Regulation ("VAAR") VAAR part 819.70 ("The VA Veterans First Contracting Program") and VAAR 808.004-70 ("Use of Other Priority Sources—DEVIATION").

14.    All set-aside Federal contracts, including the Prime Contract, contain FAR contract clause 52.219-14 (Limitation on Subcontracting).  This clause limits the amount that a prime contractor on a set-aside contract, like AWH, is permitted to subcontract.  That limitation requires the prime contractor to perform at least 50% of the work (in terms of dollars received from the Federal Government) itself. This provision is often referred to as the "50% Rule" among Federal Government contractors.

15.    FAR clause 52.219-14 (e)(1) allows prime contractors to subcontract more than 50% to "similarly situated entities."

16.    Because both AWH and Excelsior are certified SDVOSB contractors on a prime contract set aside for SDVOSB firms, the 50% Rule does not apply to a subcontract between AWH and Excelsior.

17.    On December 4, 2023, AWH and Excelsior entered into a subcontract (the "Subcontract"), under which Excelsior would perform essentially all of the work under the Prime Contract.

18.    On information and belief, AWH entered into the Subcontract when it realized it was unable to perform the Prime Contract itself.

19.     Various VA personnel encouraged Excelsior to enter into the Subcontract, to ensure that Veterans receive critical transportation services.

20.     Excelsior has performed 100% of the work since the start and **continued doing so through at least January 24, 2025.**

21.     Multiple payment checks from AWH to Excelsior have been returned for insufficient funds, including most recently a check dated February 12, 2025, in the amount of $167,614.73.

22.     Despite this payment history, Excelsior continued to fulfill its obligation under the Subcontract, out of concern for the Veterans it was serving.

23.     AWH has never questioned or disputed any amounts it owes to Excelsior. Indeed, on February 12, 2025, AWH's most recent payment check to Excelsior, in the amount of $167,614.73, was returned twice for insufficient funds.

24.     In breach of the Subcontract, AWH has not paid the amounts it owes to Excelsior.

25.     As of the date of this Complaint, and solely on the basis of the outstanding and undisputed amounts it owes to Excelsior, AWH owes Excelsior $451,602.20.

26.     Excelsior has fully performed its part of the Subcontract and nothing remains to be done except for AWH to make payment.

### CAUSE OF ACTION

### COUNT I - BREACH OF CONTRACT

27.     Excelsior re-alleges and incorporates by reference the allegations in the foregoing paragraphs as if fully set forth herein.

28.     The Subcontract is a valid and enforceable contract between Excelsior and AWH.

29.     The Subcontract requires AWH to pay Excelsior for services rendered by Excelsior.

30.     Excelsior has fully performed its obligations under the Subcontract by providing the agreed-upon services.

31.     Despite Excelsior's full performance, AWH has failed and refused to pay Excelsior for services rendered in the amount of $451,602.20.

32.     AWH's failure to pay Excelsior constitutes a material breach of the Subcontract.

33.     AWH breached Section 10 of the Subcontract by failing to make payments to Excelsior as required under the Subcontract.

34.     All conditions precedent to bringing this action have been satisfied.

35.     As a direct and proximate result of AWH's breach, Excelsior has suffered damages in the amount of $451,602.20.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, for the reasons stated herein, Excelsior respectfully prays for the following relief:

(a)     that summons and process issue and be served upon the Defendant;

(b)     for a judgment against the Defendant in the amount of $451,602.20 for AWH's breach of contract

(c)     for post-judgment interest, pursuant to 28 U.S.C. § 1961; and

(d)     any other such relief as is deemed reasonable and proper by this Court.

RESPECTFULLY SUBMITTED, this the 26th day of February, 2025.

*[signature on the following page]*

**BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP**

/s/ Paul M. Scott

Paul Scott, Esq.
Georgia Bar No. 140960
pscott@brbcsw.com

5 Glynn Avenue
Post Office Box 220
Brunswick, GA  31521-0220
Phone: (912) 264-8544
Fax: (912) 264-9667                    *Attorney for Plaintiff, Excelsior Ambulance Service, Inc.*