IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

EXCELSIOR AMBULANCE SERVICE,   *
INC,   *
  *
     Plaintiff,   *
  *    CV 125-034
     v.   *
  *
APPOINTED WORLDWIDE HOLDING,   *
LLC,   *
  *
     Defendant.   *
  *

## O R D E R

Before the Court are Plaintiff's motion to shorten or dissolve the Rule 62(a) automatic stay of execution (Doc. 39) and counsel for Defendant's motion to withdraw (Doc. 40). For the following reasons, Plaintiff's motion is **DENIED AS MOOT** and Defendant's motion is **GRANTED**.

## I. BACKGROUND

The Court detailed the facts of this case in the December 11, 2025 Order (the "Order"). (Doc. 34, at 1-4.) In the Order, the Court granted Plaintiff's motion to enforce settlement, entered the Consent Judgment as a judgment of the Court, and granted Plaintiff's motion for sanctions by awarding default judgment as to Counts II-V and attorney's fees. (Id. at 13-14; see Docs. 35,

36.)   The Order also directed Plaintiff to submit an affidavit regarding the time and fees incurred in bringing Plaintiff's motion to enforce settlement.   (Id. at 13.)   On December 18, 2025, Plaintiff filed an affidavit with billing records attached, requesting attorney's fees of $9,782.50 based on 30.1 hours billed at an hourly rate of $325.00.[1] (Doc. 37-1, at 2, 5-9.)   On December 19, 2025, Plaintiff filed a notice of Defendant's noncompliance with court orders, stating that Defendant did not deliver an executed Consent Judgment and Affidavit of Richard Y. Bruce as required by the Order.   (Doc. 38, at 1; Doc. 34, at 13.)   On December 19, 2025, Plaintiff also filed a motion to shorten or dissolve the Rule 62(a) automatic stay of execution.   (Doc. 39.) Defendant did not respond.   On March 9, 2026, counsel for Defendant filed a motion to withdraw as counsel of record.   (Doc. 40.)

## II. DISCUSSION

The Court first addresses Plaintiff's motion to shorten or dissolve the Rule 62(a) automatic stay of execution (Doc. 39) and then turns to counsel for Defendant's motion to withdraw (Doc. 40).

---

[1] The Court concludes the hourly rates and hours expended by Plaintiff's counsel are reasonable.   The Court **AWARDS** Plaintiff $9,782.50 in attorney's fees.   Defendant **SHALL** pay the award within thirty (30) days of the date of this Order.

**A. Motion to Shorten or Dissolve the Rule 62(a) Automatic Stay of Execution**

Plaintiff requests that the Court dissolve the Rule 62(a) automatic stay of execution regarding the Consent Judgment. (Doc. 39, at 1.)  A judgment of a United States District Court becomes enforceable thirty (30) days after the judgment is entered. FED. R. CIV. P. 62(a) ("execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise").  The Court entered the Consent Judgment over thirty days ago, so the automatic stay of execution is no longer in place.  As such, Plaintiff's motion is **DENIED AS MOOT**. Plaintiff may proceed with post-judgment collection and execution under Rule 69 as requested.  (See Doc. 39, at 1.)

**B. Motion to Withdraw**

Before the Court is Attorney Bowen Klosinski's motion to withdraw as counsel of record for Defendant. (Doc. 40.)  On March 9, 2026, Attorney Klosinski filed his motion at least fourteen (14) days after notifying Defendant of his intent to withdraw and attached a copy of the notice. (Id. at 1, 3.)  As such, Attorney Klosinski complied with Local Rule 83.7.  See L.R. 83.7, SDGa. Attorney Klosinski also states "[w]ithdrawal at this stage will not unduly delay proceedings nor unfairly prejudice any party, or, alternatively, good cause exists for withdrawal notwithstanding

3

the stage of the case." (Doc. 40, at 1.)  Thus, the Court's **GRANTS** counsel for Defendant's motion.

### III. CONCLUSION

Upon due consideration, Plaintiff's motion to shorten or dissolve the Rule 62(a) automatic stay of execution (Doc. 39) is **DENIED AS MOOT**.  The Court **AWARDS** Plaintiff $9,782.50 in attorney's fees against Defendant for failing to comply with a settlement. (See Doc. 34, at 6-7.)  Defendant **SHALL** pay Plaintiff the award within thirty (30) days of the date of this Order.  The Court **GRANTS** counsel for Defendant's motion to withdraw (Doc. 40).  The Clerk is **DIRECTED** to **TERMINATE** Bowen Klosinski as counsel of record for Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of April, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4